IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-353-FL-4

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| BUDDY BRAYBOY CHRISTIAN, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday, 3 December 2012, for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Investigation. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in 2 counts of a 15-count indictment on 24 October 2012 with: conspiracy to interfere with commerce by threats and violence beginning not later than October 2011 and continuing until about November 2011 in violation of 18 U.S.C. § 1951(a) (ct. 1); and

bank robbery, and aiding and abetting the same, on or about 14 October 2011 in violation of 18 U.S.C. § 2113(a) and 2 (ct. 4). The evidence presented at the hearing showed that the charges arise from defendant's robbery of a bank in Fayetteville on 14 October 2011 with two of his co-defendants. Defendant passed a note to the teller stating approximately the following: "Give me the money. I have a loaded gun. Panic and you die." Notwithstanding the representations in the note, there is no evidence that defendant or the other robbers had a gun. Defendant was on state pretrial release at the time of the robbery. After the robbery, defendant stayed at his mother's home and then his wife's home, but upon learning in October 2011 that authorities were looking for him (they had identified him from his fingerprint on the robbery note), he fled. He succeeded in eluding apprehension for over six months. In May 2012, he turned himself in to state authorities. Defendant has provided law enforcement a full confession to the bank robbery.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a very strong case, including the evidence reviewed above; the violent nature of the offenses charged; the circumstances of the offenses charged, including defendant's commission of the robbery while on state pretrial release, his threat in the robbery note to kill the teller, and his flight from prosecution for over six months; defendant's history of failures to appear, albeit in numerous instances in traffic cases; the danger of continued offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's status as potential witness in the case and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant turned himself in, his successful flight from law enforcement for over six months shows unequivocally his intense motivation to avoid prosecution, willingness to act on that motivation, and ability to successfully avoid apprehension for an extended period. Similarly, the fact that defendant lacks any criminal convictions does not convincingly show the absence of a propensity on his part to engage in criminal activity in light of the nature of the offense conduct charged against him. If defendant were released and fled, the court believes there is a high risk that he would revert to such offense conduct to support himself.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 4th day of December 2012.

James E. Gates
United States Magistrate Judge